

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| DIANDREA JOHNSON, § | |
| Plaintiff, § | |
| § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:19-1155-MGL-KFM |
| § | |
| ANDREW SAUL, § | |
| *Commissioner of Social Security* § | |
| *Administration*, § | |
| Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS**

This is a Social Security appeal in which Plaintiff Diandrea Johnson (Johnson) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying her claim for disability insurance benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's decision be affirmed. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 3, 2020, Johnson filed her objections on July 2, 2020, and Saul filed his reply to Johnson's objections on July 16, 2020.  The Court has reviewed Johnson's objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

On March 27, 2018, Johnson filed her application for DIB.  She contends her disability commenced on December 2, 2015.  Saul denied Johnson's application initially and upon reconsideration.  Johnson then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on November 20, 2018.

On December 4, 2018, the ALJ issued a decision holding Johnson was not disabled.  The Appeals Council denied Johnson's request for review of the ALJ's decision.  Johnson then filed this action for judicial review with the Court on April 19, 2019.

For purposes of determining whether one is entitled to disability benefits, the term "disability" is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a).

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a).  The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an

impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638

(4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Johnson makes two objections to the Report. First, she insists the Magistrate Judge erred in suggesting the ALJ properly evaluated the United States Department of Veterans Affairs (VA) rating decision. According to Johnson, although "the ALJ analyzed some evidence from the VA Medical Center, there is no indication that the ALJ considered all of the supporting evidence underlying the VA's finding of individual unemployability." Objections at 3 (internal quotation marks omitted).

As the Magistrate Judge noted, in the VA's March 16, 2018, decision concerning Johnson,

> it declared [Johnson] 90% disabled with individual unemployability. The VA decision indicated that medical evidence reviewed supported a 50% rating for [Johnson's] migraines, 30% rating for chronic constipation, and that [she] was entitled to individual unemployability. The VA disability rating included a section entitled "evidence," which set forth the documents considered by the VA in making its decision.

Report at 5.

For claims such as this that were filed on or after March 27, 2017, the Social Security regulation concerning the ALJ's consideration of a disability determination such as this provides as follows:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs . . . — make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled . . . under our rules. Therefore, . . . we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, . . . employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim.

20 C.F.R. § 404.1504.

There are two primary problems with Johnson's first objection. First, Johnson's bare conclusory claim the ALJ failed to consider "all of the supporting evidence underlying the VA's finding of individual unemployability[,]" Objections at 3, without more, is unconvincing. And, her more specific statement that the ALJ neglected to take into account "the VA finding that [her] combined impairments rendered her unemployable," *id*. at 2, misses the mark.

As the Court noted above, 20 C.F.R. § 404.1504 states the ALJ "will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, . . .employable, or entitled to any benefits." *Id*. Further, it is well established that the ALJ's failure to provide a point-by-point discussion of each individual piece of evidence does not amount to a conclusion she neglected to

5

consider it. *See Reid v. Commissioner of Social Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]") (citation omitted) (internal quotation marks omitted).

The second problem with this objection is that the ALJ specifically stated she had considered all the evidence in the record. *See* Administrative Record at 18 ("After careful consideration of all the evidence, I conclude [Johnson] has not been under a disability within the meaning of the Social Security Act" during the relevant time period.). As per Fourth Circuit precedent, when "the ALJ . . . state[s] that the whole record was considered, and, absent evidence to the contrary, [the Court is to] take her at her word." *Reid*, 769 F.3d at 865. Or, as the Tenth Circuit put it, "[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Inasmuch as Johnson has neglected to provide any competent evidence the ALJ failed to consider the entire record, except to argue the ALJ did not discuss each piece of it, the Court will overrule Johnson's first objection to the Report.

In Johnson's second objection, she maintains the Magistrate Judge is mistaken in concluding the ALJ adequately discussed Johnson's mental residual functional capacity (RFC). The ALJ concluded Johnson had "moderate" limitations interacting with others, specifically stating Johnson

> alleged that she has difficulty in engaging in social activities, getting along with others, dealing appropriately with authority, although she has never been fired for this, and spending time in crowds. However, according to her statements, [Johnson] is able to shop, spend time with friends and family, attend church, take public transportation, and live with others. Finally, the medical evidence shows that [Johnson] had a good rapport with providers, was described as pleasant and cooperative, had good interactions with non-medical staff, and appeared comfortable during appointments. The record supports a moderate limitation.

6

A.R. at 22.  In determining Johnson's RFC, the ALJ limited her to "occasional interaction with the public."  A.R. at 23.

Johnson offers four subparts to her second objection.  In the first subpart, she argues "facts and records showing that Johnson's mood was depressed at times and her affect congruent and other mental status examination findings do not explain away the ALJ's failure to include limitations related to co-workers and supervisors."  Objections at 4 (citation omitted) (internal quotation marks omitted).  The Court is unconvinced.

There is substantial evidence in the record to support a conclusion there was no need to include such limitations.  After all, two state agency doctors, Dr. Silvie Ward and Dr. Larry Clanton, both concluded Johnson "is able to respond appropriately to supervision, co-workers and usual work situations, but would perform best in settings that do not require on-going interaction with the public."  A.R. at 73, 92.

In addition, as the Magistrate Judge noted, "the hypothetical presented to the vocational expert included a limitation to 'occasional interaction with the public, co-workers, and supervisors."  Report at 11 (quoting the A.R. at 58).  Thus, the hypothetical included the limitations Johnson says was incorrectly omitted from the RFC.

Having considered this fact, the Court agrees with the rationale of its fellow Fourth Circuit district court when faced with a similar scenario:  "Because the representative jobs relied on by the ALJ in determining that Plaintiff is not disabled were explicitly confirmed [by the vocational expert] to include the limitations Plaintiff argues were improperly omitted from her RFC, failure to include such limitations in the RFC is harmless error and does not necessitate remand."  *Fredell v. Berryhill*, Civil Action No. 1:18-296, 2019 WL 7559670, at *3, n.1 (W.D.N.C. 2019).

In the second subpart of this objection, Johnson asserts the Magistrate Judge misinterprets *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) (holding the ALJ's failure to explain how the RFC accounted for the claimant's limitations in concentration, persistence, or pace was reversible error). Johnson takes issue with the Magistrate Judge's conclusion her "case is distinguishable from *Mascio* because the ALJ's decision 'specifically addresses [Johnson's] moderate limitation in interacting with others[.]'" Objections at 4 (quoting the Report at 10. "But[,] according to Johnson, "interacting with others is not limited to just interacting with the public." *Id*.

The gist of Johnson's argument appears to be that *Mascio* instructs the ALJ to review all the evidence and explain the decision in detail. For Johnson, that means the ALJ should have considered, discussed, and then included in the RFC limitations on her interaction with co-workers and supervisors. The Court is unpersuaded.

As the Court has already noted, in the RFC, the ALJ set forth a limitation regarding Johnson's interaction with the public; and there is substantial evidence to support her not providing any limitations related to her co-workers and supervisors. Nevertheless, the hypothetical the ALJ posed to the vocational expert contained limitations on Johnson's interactions with the public, co-workers, and supervisors.

In the third subpart of Johnson's second objection, she alleges the Magistrate Judge erred in not suggesting the Court reverse the ALJ inasmuch as "the ALJ's decision provides no explanation or indication of what [she] found with regard[ ] to interaction with co-workers and supervisors in light of positive in findings . . . associated with interacting with others." Objections at 5. The Court disagrees.

Again, there is substantial evidence to support the ALJ not providing the limitations Johnson seeks in her RFC. And, the hypothetical the ALJ posed to the vocational expert contained the desired limitations.

The fourth subpart of Johnson's second objection is that "[t]he Magistrate Judge did not address th[e] fact" "that the ALJ did not explain what she meant by "interaction." Objections at 5 (citation omitted). This argument is without merit.

The Oxford Dictionary defines the term "interaction' as "[r]eciprocal action; action or influence of persons or things on each other." *Interaction*, Oxford English Dictionary Online, https://www.oed.com/view/Entry/97519?redirectedFrom=interaction#eid (last visited September 27, 2020). It does not appear from the record that the ALJ employed a different meaning than this. Further, Johnson fails to cite any authority suggesting the ALJ should be required to define such a run-of-the-mill sort of term. Nor does she offer a persuasive case that the ALJ's neglecting to do so amounts to reversible error.

To recap, the Court is unmoved by any of Johnson's arguments in the four subparts to her second objection. Accordingly, the Court will also overrule Johnson's second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Johnson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Saul's decision denying DIB benefits to Johnson is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 30th day of September, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

Nevertheless, although the VA's decision is not binding on the ALJ, *see id.*, the general rule is that an ALJ considering a disability claim must give substantial weight to a state-agency's disability finding. *See Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018).

The ALJ "may deviate from this default rule and accord [the] disability decision less than substantial weight if the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.* (internal quotation marks omitted). "[T]o demonstrate that it is appropriate to accord less than substantial weight to [the] disability decision, an ALJ must give persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (internal quotation marks omitted).

To provide a valid reason for rejecting a state-agency finding, "an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new evidence made available after the VA issued its decision. This list is not exclusive, but the point of this requirement—and of these examples—is that the ALJ must adequately explain his reasoning; otherwise, we cannot engage in a meaningful review." *Id.* at 692-93.

10

This regulation only applies to claims filed before March 27, 2017. See 82 Fed. Reg. 5,844, 5,848 (Jan. 18, 2017); 20 C.F.R. § 404.1504. For claims filed on or after March 27, 2017, ALJs must still consider the existence of disability decisions by other governmental or nongovernmental entities, and any evidence underlying those decisions, but are no longer required "to provide written analysis about how they consider the decisions from other governmental agencies." 82 Fed. Reg. at 5,848. Woods v. Berryhill, 888 F.3d 686, 692 (C.A.4 (N.C.), 2018)

Kiser v. Saul – 7/30/2020

To the extent Johnson does points to any specific evidence the ALJ failed to consider regarding the VA's disability decision, it is that she neglected to take into account "the VA finding that Johnson's combined impairments rendered her employable."  Objections at 2.

**Law does not require ALJ to say she considered that the VA Found her disabled. Instead, it requires she consider evidence VA relied upon in concluding she's disabled.**

"Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace . . . does not translate into a limitation in Mascio's residual functional capacity. . . . [B]ecause the ALJ here gave no explanation, a remand is in order."

11